**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **DANDRIDGE WASHINGTON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 11-2421-CM** |
| | ) | |
| **JACOB HARRIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Dandridge Washington filed this case on February 16, 2011, in state court, alleging that defendant Jacob Harris—who is now the only remaining defendant—used excessive force when arresting plaintiff in February 2009.  Defendant previously removed this case to federal court on March 30, 2011.  Defendant based his removal petition on federal question jurisdiction because plaintiff filed his claim pursuant to 18 U.S.C. § 1983.  The case was assigned to Judge Julie Robinson, and on plaintiff's motion, she remanded the case to state court based on procedural defects in the removal. *Washington v. Harris*, No. 11-2188-JAR, 2011 WL 2174942 (D. Kan. June 3, 2011).

After Judge Robinson remanded the case to state court, on July 8, 2011, defendant received a statement of monetary damages from plaintiff.  Plaintiff claimed over $75,000 in damages, indicating that federal court would have diversity jurisdiction over the case.  Based on this information, defendant again removed the case on July 28, 2011.  The second time, the case was assigned to the undersigned judge.  Plaintiff promptly filed a second motion to remand (Doc. 6).

The issue before the court is whether defendant's second removal was proper pursuant to 28 U.S.C. § 1446(b).  Defendant contends that the second paragraph of § 1446(b) applies, rendering his

removal timely because he only recently learned that the amount in controversy was sufficient to make diversity jurisdiction proper in this court.  Plaintiff believes that the second paragraph of § 1446(b) does not apply because this case was originally removable (and in fact was removed, although in a defective manner) when plaintiff filed his state court petition in February 2011.

The court begins with the plain language of 28 U.S.C. § 1446(b), addressing the timeliness of removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> ***If the case stated by the initial pleading is not removable***, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).  By its plain language, the second paragraph of § 1446(b) applies "[i]f the case stated by the initial pleading is not removable . . . ."  This case was initially removable because it involved a federal question.  At first, defendant did not realize that the case was alternatively removable on the basis of diversity jurisdiction.  But this does not alter the fact that the case stated by the initial pleading was removable.  The case did not remain in federal court because defendant failed to present Judge Robinson with all of the documents required for proper removal.  She remanded the case for defective procedure—not because the case was "not removable."

Both parties believe that *O'Bryan v. Chandler*, 496 F.2d 403 (10th Cir. 1974), supports their position.  Defendant quotes a portion of the case that states, "if the plaintiff amends his state court petition to exceed the federal jurisdictional amount, [as in Remington,] the federal court can determine

whether the second petition to remove should be granted." *O'Bryan*, 496 F.2d at 410.  Plaintiff, on the other hand, quotes the following statement from the case:  "To come within the perimeters of § 1446(b), the amendment of the state court complaint must be one that makes the case removable at the time of the amendment, when the original state court petition did not state a removable action." *Id.* at 409.  In this particular case, either quote read in a vacuum could compel a different result.  The facts of *O'Bryan*, however, do not mirror the facts in this case.  In *O'Bryan*, the judge first remanded the case for lack of jurisdiction—not for defective procedure.  The case was therefore not originally removable, distinguishing it from the instant case.

In the end, the court finds the plain language of the statute most persuasive.  Despite the fact that a new basis now exists for removal, the court determines that the original petition was removable—although it was ultimately remanded.  Because it was removable, the second paragraph of § 1446(b) does not operate to provide defendant additional time to remove the action.  The court construes the removal statutes narrowly, *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094 –95 (10th Cir. 2005), and resolves doubts about removal in favor of remand, *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).  Defendant's removal is untimely, and the case is remanded to state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 6) is granted.  The case is remanded to the District Court of Wyandotte County, Kansas.

Dated this <u>14</u>th day of September, 2011, at Kansas City, Kansas.


<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**